# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS C. SOURAN,**

      **Plaintiff,**

v.                                **Case No. 19-CV-1088**

**DELAWARE STATE FAIR, INC, et al.,**

      **Defendants.**

## RECOMMENDATION THAT THE PLAINTIFF'S COMPLAINT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Thomas C. Souran, an experienced pro se plaintiff, *see*, e.g., 11-CV-7986 (N.D. Ill.); 12-CV-9375 (N.D. Ill.); 13-CV-4031 (N.D. Ill.); 13-CV-4519 (N.D. Ill.); 17-CV-1155 (C.D. Ill.); 17-CV-1156 (C.D. Ill.); 17-CV-1197 (C.D. Ill.); 18-CV-1031 (C.D. Ill.); 18-CV-1033 (C.D. Ill.), who is again representing himself, filed the present action naming the Delaware State Fair, Inc., Robin L. Rockemann, and Reginald Carter as defendants. He seeks leave to proceed without prepayment of the filing fee. (ECF No. 2.)

According to his complaint, Souran sought to sell wild game meats at the 2019 Delaware State Fair but encountered problems with health inspectors. Although Souran alleges the health inspectors eventually were going to allow Souran to operate his stand,

he claims Rockemann closed the stand and required Souran to leave to Fair. Souran alleges Rockemann agreed to refund half of the fees Souran paid but refused to do so because the application fee Souran paid had not yet cleared. Souran then attempted to have UPS pick up his inventory but the Fair allegedly refused to allow UPS to pick up the property. He alleges claims of fraudulent misrepresentation, breach of contract, and unjust enrichment.

Having reviewed Souran's motion, the court concludes he lacks the financial means to pay the filing fee. Therefore, the court grants the motion to proceed without prepayment.

However, the court notes an obvious question as to whether the court has personal jurisdiction over the defendants. Outside of the context of a plaintiff seeking default judgment, a federal court generally will not sua sponte consider whether it has personal jurisdiction over a defendant. *See Syrrakos v. Def Jam Recordings*, No. 14-C-1197, 2014 U.S. Dist. LEXIS 143298, at *2 (E.D. Wis. Oct. 7, 2014); *Flava Works, Inc. v. Doe*, No. 12 C 07869, 2014 U.S. Dist. LEXIS 7361, at *11 (N.D. Ill. Jan. 21, 2014). However, there are exceptions. *Flint v. Harris County*, No. 1:10-cv-03171, 2010 U.S. Dist. LEXIS 84914, at *2-4 (N.D. Ill. Aug. 5, 2010); *cf. First Nat'l Bank v. Bezema*, 569 F. Supp. 818, 819 (S.D. Ind. 1983) ("the rule that a court may not sua sponte dismiss for lack of personal jurisdiction does not apply where a defendant has not entered an appearance by filing a motion or otherwise").

The court concludes it is appropriate here to sua sponte consider the question of personal jurisdiction. The alternative is to require the defendants to incur the significant costs of retaining counsel to appear in this district merely to file a motion to dismiss. That strikes the court as not only inefficient but unjust. Although the defendants may waive personal jurisdiction, the court regards this possibility as exceedingly remote under the facts of this case.

Moreover, the court finds that, given the facts alleged in the complaint, even if the defendants waived personal jurisdiction venue would not be proper in this district. "[A] substantial part of the events or omissions giving rise to the claim" did not occur here, nor is "a substantial part of property that is the subject of the action" situated here. 28 U.S.C. § 1391(b)(2). Venue appears proper only in the District of Delaware. And, finally, even if Souran could demonstrate venue was proper here, it would nonetheless be appropriate to transfer this action to the District of Delaware under 28 U.S.C. § 1404(a).

Souran alleges:

> This Court has personal jurisdiction over Defendants because, inter alia, they have purposefully participated in activities relating to breach of contract with Plaintiff, solicitation and acceptance of funds through the internet while the Plaintiff and Plaintiffs bank is located in Wisconsin, which are part of the subject matter of this action, into the Eastern District of Wisconsin. For example, Defendants entered into an agreement with Plaintiff so Plaintiff can be a concessionaire at the Delaware State Fair July 18, 2019 to July 28, 2019. The Agreement was signed by Plaintiff while domiciled in Union Grove, Wisconsin and transmitted to Defendants

> through the internet. Plaintiff expected to have an executed Agreement sent back or handed to Plaintiff once he arrived in Delaware.
>
> This Court has personal jurisdiction over Defendants because, inter alia, they have purposefully directed Plaintiffs activities relating to Plaintiffs participation at the Delaware State Fair, there breach of contract, Fraudulent Misrepresentation, and Unjust enrichment which are the subject matter of this action, into the Eastern District of Wisconsin.
>
> Defendants have established the requisite minimum contacts with this District, and exercise of jurisdiction would comport with traditional notions of substantial justice and fair play.

(ECF No. 1, ¶ 10-11[1].)

"'[The] constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established 'minimum contacts' in the forum State.'" *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 108-09 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). These minimum contacts with the foreign state must be of a nature that the defendant could "reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Thus, the defendant must have purposefully availed himself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal*, 480 U.S. at 109 (quoting *Burger King*, 471 U.S. at 475).

---

[1] The complaint contains two paragraphs numbered "11." Both are quoted here.

The jurisdictional allegations against the Delaware State Fair, Inc. and Robin L. Rockemann are merely that Souran was in Wisconsin when he submitted his application to them via the internet, and the fees Souran paid to the defendants were processed by Souran's bank in Wisconsin. These contacts are insufficient to vest this court with personal jurisdiction over the Delaware State Fair, Inc. and Robin L. Rockemann. *See, e.g., Snodgrass v. Berklee Coll. of Music*, 559 F. App'x 541, 542 (7th Cir. 2014); *Matlin v. Spin Master Corp.*, No. 17 C 07706, 2018 U.S. Dist. LEXIS 122014, at *11 (N.D. Ill. July 20, 2018); *Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.*, 297 F. Supp. 2d 1154, 1164 (W.D. Wis. 2004). And as to Reginald Carter, a health department employee, even these thin threads of a connection to Wisconsin are wholly lacking, and there is no plausible basis for personal jurisdiction over him.

Therefore, the court will recommend that Souran's complaint be dismissed. If Souran wishes to pursue this action in federal court, only the District of Delaware is an appropriate court.

**IT IS THEREFORE ORDERED** that Souran's motion to proceed without prepayment of the filing fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Souran's complaint and this action be **dismissed** because the court lacks personal jurisdiction over the defendants.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of August, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge